IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Cassandra Little,

      Plaintiff,

      vs.                           Case No. 12-2205-JTM

Portfolio Recovery Associates, LLC,

      Defendant.

MEMORANDUM AND ORDER

This is an action by plaintiff Cassandra Little against Portfolio Recovery Associates, alleging that the company violated the Fair Dept Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., in its communications with her attempting to collect on a debt. The matter is before the court on the Motion to Dismiss of Portfolio Recover, and Little's Motion to Amend.

Portfolio Recovery first sought dismissal of that action, alleging that the form Complaint filed by Little failed to meet the minimal pleading standards recognized in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The defendant noted that this court has dismissed a virtually identical form complaint as failing

to meet the *Twombly* and *Iqbal* standards in *Webb v. Convergent Outsourcing*, 11-2606-JTM (D.Kan. Jan. 19, 2012). Little made no argument in response that the Complaint as initially filed met federal pleadings standards, but sought leave to amend his Complaint. (Dkt. 10, 11).

Given the filing of a responsive pleading, Little is entitled to amend her Complaint only with leave of the court. Fed.R.Civ.Pr. 12. Leave may be properly denied as futile if the proposed amendment would still be subject to dismissal. *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010). Because the amendment proposed by Little still fails to satisfy federal pleading requirements, leave to amend is denied.

Little's proposed Amended Complaint is identical to her earlier Complaint, with the exception of the addition of a single paragraph:

> 34. During one communication in April 2012, Defendant's agents falsely stated that if the debt was not paid "it would go further." When asked by Plaintiff what that meant, Defendant's collector falsely stated that "it will go to litigation" and "we will take you to court" in violation of 15 U.S.C. § 1692e preface and e(5).

The proposed amendment fails to allege facts sufficient to state a claim under the FDCPA. Section § 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation," but promising or threatening litigation is not, by itself, a prohibited tactic. Instead, as subsection (5) explicitly provides, such a statement of future

2

litigation violates the Act if that litigation either "cannot legally be taken" or if the litigation is purely a bluff — litigation "that is not intended to be taken."

Little's proposed amendment simply advances a conclusory argument, with no attempt to demonstrate how that April 2012 communication violates the FDCPA. Because the Complaint, even with the proposed amendment, does not "raise the right to relief above the speculative level" the action is properly dismissed. *Twombly*, 550 U.S. at 555.

IT IS ACCORDINGLY ORDERED this 7th day of September, 2012, the plaintiff's Motion to Amend (Dkt. 10) is denied; defendant's Motion to Dismiss (Dkt. 5) is granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE