IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Cassandra Little,
        Plaintiff,

vs.                                           Case No. 12-2205-JTM

Portfolio Recovery Associates, LLC.,
        Defendant.

MEMORANDUM AND ORDER

Plaintiff Cassandra Little has brought the present action alleging that Portfolio Recovery Associates (PRA), a debt collection agency, violated the Fair Debt Collection Practices Act (FDCPA) in its communications with her. The sole remaining claim in the action is Little's contention that PRA violated FDCPA Section 1692d(5) by engaging in communications that were made with an intent to annoy, abuse, or harass.[1]

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir. 1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir. 1985). The moving party

---

[1] On April 2, 2014, the court denied PRA's Motion to Dismiss § 1692d(5) claim, given the lack of discovery as to the pattern and volume of calls made by PRA to Little, and exact evidence as to what was said during those calls. *Little v. Portfolio Recovery Associates*, 2014 WL 1400660, *4 (D. Kan. 2014).

need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a **genuine issue for trial**.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis in *Matsushita*). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The facts are uncontroverted. Little incurred an obligation on a GRCB/Walmart credit card and defaulted on her payments. PRA acquired the account on January 31, 2012.

PRA telephoned Little on March 2, 2012. During that call, which was recorded, Little did not tell PRA that she could not or would not pay, and did not ask PRA to stop calling.

PRA telephoned Little on March 10, 2012. Little said she was unemployed and disabled, and that she "can't make payment today," and the following conversation occurred:

> PRA: Okay, when will you be able to, ma'am, so I can get you set up with a hardship arrangement and go ahead and remove your interest because it is accruing at a 10% interest rate?
>
> Little: I can't pay any more than $25 a month.
>
> PRA: No more then, you said $25 a month? . . .

> PRA: Do you know where to send the payment in at, ma'am?
>
> Little: What?
>
> PRA: Do you know where to send the payment in the month, where to send the payments at?
>
> Little: No.
>
> PRA: Do you need the address? I can go ahead and give it to you.
>
> Little: Thanks.

PRA telephoned on March 23, 2012. Little said, "I don't have anything for you today," and hung up.

PRA telephoned on April 9, and Little said that there was nothing she could do about the balance "today" and that she did not know when she would be able to make a payment. PRA's agent said that the calls would continue, and Little responded "okay." Little instituted the present lawsuit the same day.

PRA made no further attempts to contact Little to recover this financial obligation. In all, PRA made ten telephone calls from February 19 to April 9. It never called more than twice in a day, and none of the calls were back-to-back. Little never asked PRA to stop calling her, and she never told PRA that she could not or would not make future payments on the account. Little appeared to express some interest in a modified payment plan.

The court finds as a matter of law that the plaintiff has not demonstrated a violation of § 1692d(5). Such claims are generally proved either by evidence that the defendant continued to make calls after being asked to stop, or that the volume and pattern of calls shows an intent to harass. *See Webb v. Premiere Credit,* No. 12-2001, 2012 WL 5199754 (D. Kan. Oct. 22, 2012).

Neither of these factors is present here. The calls were limited in number and were not made in a repeated fashion or at unusual times. Courts have granted summary judgment where the total number of calls was far greater than that presented here. *See, e.g., Carman v. CBE Group*, 782 F.Supp.2d 1223, 1230-31 (D. Kan. 2011) (over a hundred calls made over course of two months).

Additionally, Little never told PRA to stop calling. At most, she simply inquired if making the $25 monthly payment would cause the calls to cease. Little also responded to other PRA calls by stating that she could not make a payment "today." She never directly told PRA that she could not or would not make future payments. During the last telephone call, when PRA's agent asked if Little could make future payments, she responded only, "I have no idea. I'd have to – I don't know, and I'm not going to sit here and lie and tell you something that I don't know."

Such equivocal expressions are insufficient to justify a claim under § 1692d(5), given other facts in the case. *See Higgs v. Diversified Consultants, Inc.*, No. 13-278, 2014 WL 1374055, *3 (W.D. Mo. Apr. 8, 2014); *Hinderliter v. Diversified Consultants Inc.*, No. 10-1314, 2012 WL 3888148 (N.D.N.Y. Sept. 7, 2012) (granting summary judgment where debtor told defendant "I don't have it today").

Further, *Prewitt v. Wolpoff & Abramson*, 2007 WL 841778 (W.D.N.Y. 2007), cited by the plaintiff, is inapplicable here. In that case, the court stressed that "[a]lthough Plaintiff did not explicitly demand that Defendant cease calling him, he did indicate to Defendant that he was unable to pay the debt." 2007 WL 841778, at *3. Despite this unequivocal statement of inability to pay, the defendant continued to call the debtor "as often as four times per day, every day, for a six-month period." *Id.*

Summary judgment is appropriate given the record established in this case.

IT IS ACCORDINGLY ORDERED this 5th day of January , 2015, that the defendant's Motion for Summary Judgment (Dkt. 39) is hereby granted.

<u>s/ J. Thomas Marten</u>
J. THOMAS MARTEN, JUDGE